```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
          Civil No. 14-3446(DSD/JSM)
```

Stacy A. Fleming and
Brian J. Fleming,

       Plaintiffs,

v.                                                              **ORDER**

U.S. Bank National Association
as Trustee for CitiGroup Mortgage
Loan Trust Inc., Mortgage Pass-
Through Certificates Series 2006-AR3,
Wells Fargo Bank, N.A. and John Does
1-10,

       Defendants.

      Stacy A. Fleming, 3975 Cardinal Court, Rosemount, MN 55068, *pro se.*

      Jessica Z. Savran, Esq. and Faegre, Baker, Daniels, LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR3 (US Bank), and Wells Fargo Bank, N.A. (Wells Fargo). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

### BACKGROUND

This mortgage dispute arises out of the proposed foreclosure on property owned by plaintiffs Stacy and Brian Fleming. On

February 23, 2006, the Flemings executed a $390,000 promissory note with Gopher State Management Corporation (Gopher State) for the purpose of buying real property located at 3975 Cardinal Court, Rosemount, Minnesota 55068 (the Property).  Am. Compl. at 2; ECF No. 19-1, at 1-5.  The Flemings also executed a mortgage in favor of Gopher State, which Gopher State assigned to Wells Fargo on the same day.  ECF No. 19-1, at 6-21.  The mortgage agreement included a power of sale.  Id. at 18.  The mortgage and assignment were recorded in the Dakota County Recorder's Office on March 20, 2006.  Am. Compl. at 2; ECF No. 19-1, at 6, 21.  On February 26, 2014, Wells Fargo assigned the mortgage to US Bank, and the assignment was recorded the next day.  ECF No. 19-1, at 22.

On July 18, 2014, the Flemings sent US Bank a document entitled "Qualified Written Request" (QWR).  Id. at 31-35.  The QWR requested thirty-five different categories of information related to the "use and proper application of payments on the account" and other aspects of the note and mortgage.  Id.  US Bank forwarded the QWR to Wells Fargo, the loan servicer, on August 5, 2014.  Id. at 78.  Wells Fargo sent the Flemings a letter the next day acknowledging receipt of the QWR.  Id. at 36.  On September 2, 2014, Wells Fargo sent a response.  Id. at 38-91.  The response included information and documentation regarding loan status, payment history, loan validation, insurance, assessment of fees, estimated payoff date, and other aspects of the note and mortgage.

<u>Id.</u>  The response also stated that Wells Fargo could not provide additional information because it could not reasonably determine what the Flemings were requesting.  <u>Id.</u> at 40.

The Flemings eventually defaulted on the note.  <u>Id.</u> at 43.  On August 14, 2014, US Bank published and served the Flemings with a Notice of Foreclosure Sale.  <u>Id.</u> at 23-24.  The foreclosure sale was scheduled for October 2, 2014, but the Flemings filed a petition for bankruptcy before the sale occurred.  <u>Id.</u> at 23, 25-30.  The Flemings filed an amended pro se complaint on November 24, 2014, alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Real Estate Settlement Procedures Act (RESPA).[1]  The amended complaint also asserts state law claims to vacate or set aside the foreclosure sale and for replevin.  Defendants move to dismiss.[2]

---

[1] The Flemings also bring claims against "John Does 1-10." Because the complaint does not contain any facts sufficient to identify these defendants or state a claim against them, those claims will be dismissed.  <u>See</u> <u>Estate of Rosenberg by Rosenberg v. Crandall</u>, 56 F.3d 35, 37 (8th Cir. 1995) (allowing dismissal where a complaint fails to make "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery").

[2] At oral argument, the Flemings stated that they did not receive defendants' briefing in support of the motion to dismiss. The record shows that the Flemings were properly served with these materials.  <u>See</u> ECF Nos. 20, 22-2.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside of the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the court relies on

4

documents pertaining to the promissory note and mortgage, the foreclosure process, and the QWR. All materials are either of public record or are necessarily embraced by the pleadings.

**II. FDCPA Claim**

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, Ltd., 398 F.3d 995, 997 (8th Cir. 2005). The Flemings first argue that defendants violated the FDCPA by attempting to foreclose on the Property and by engaging in other alleged conduct in pursuit of the foreclosure. Defendants argue that they are exempt from the FDCPA because foreclosure activities undertaken by mortgagors and mortgage servicing companies do not constitute "debt collection."

The FDCPA applies to activity by debt collectors that is done "in connection with the collection of any debt." See, e.g., 15 U.S.C. §§ 1692e, 1692g. This court has previously concluded that foreclosure activities do not constitute debt collection under the FDCPA. See DeMoss v. Peterson, Fram & Bergman, No. 12-2197, 2013 WL 1881058, at *2 (D. Minn. May 6, 2013); accord Warren v. Countrywide Home Loans, Inc., 342 Fed. App'x 458, 460 (11th Cir. 2009); Chomillo v. Shapiro, Nordmeyer & Zielke, LLP, No. 06-3103, 2007 WL 2695795, at *4 (D. Minn. Sept. 12, 2007). Other courts disagree. See Glazer v. Chase Home Fin. LLC, 704 F.3d 453, 461 (6th Cir. 2013) ("[M]ortgage foreclosure is debt collection under

the FDCPA."); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 376 (4th Cir. 2006).

Even if defendants' conduct were subject to the FDCPA, the court finds that the Flemings are not entitled to relief. The complaint alleges that defendants attempted to foreclose on the Property without possessing both the mortgage and promissory note. Am. Compl. at 2, 5. The Flemings rely on the "show-me-the-note" theory, "which posits that the holder of legal title to a mortgage must also hold the promissory note in order to foreclose on a mortgage." Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013). "[T]his theory has been repudiated." Id. The holder of the recorded mortgage is entitled to foreclose and need not be a note holder to do so. Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 501 (Minn. 2009). US Bank was entitled to foreclose on the property as the assignee of the mortgage. As a result, the attempted foreclosure cannot be an abusive or deceptive practice prohibited by the FDCPA.

The court also finds that the Flemings fail to allege sufficient factual content to support the remainder of their FDCPA claim. The Flemings allege that defendants - in pursuit of the foreclosure - (1) threatened to sue and take possession of the property; (2) asked the location of their employment and threatened to garnish their wages; (3) failed to provide validation of their debt within five days of being contacted; (4) intimidated them by

6

trespassing on the property, taking photographs without permission, and looking through windows; and (5) acquired their personal and banking information without a permissible purpose. See Am. Compl. at 2-3, 5-6, 15-16.  The complaint does not include any additional facts to support these general and conclusory allegations.[3]  As a result, the complaint fails to create a reasonable inference that defendants violated the FDCPA, and dismissal is warranted.

**III.  RESPA**

The Flemings next argue that defendants violated RESPA by failing to properly respond to their QWR.  RESPA requires servicers to provide a written response to a QWR seeking "information relating to the servicing of [a] loan."  12 U.S.C. § 2605(e)(1)(A). Defendants respond that the July 18, 2014, request was not a valid QWR, that they complied with the request, and that the Flemings did not sufficiently allege damages.  The court agrees.

A QWR is a written correspondence that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  Id. § 2605(e)(1)(B)(ii).  The Flemings' letter does not identify any purported errors in their account.  Moreover, many of

---

[3] The court must construe the Flemings' pro se pleadings liberally.  See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985).  The court cannot, however, accept pleadings that are based on conclusory or non-specific factual allegations.  Id.

7

the requests do not pertain to the servicing of the note. Under RESPA, servicing "means receiving any scheduled periodic payments from a borrower ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." Id. § 2605(i)(3). The letter exceeds this scope by seeking, in part, information related to insurance, property taxes, third party fees, property inspection and appraisals, and pooling and service agreements. See ECF No. 19-1, at 31-34; see also Dietz. v. Beneficial Loan & Thrift Co., No. 10-3752, 2011 WL 2412738, at *5 (D. Minn. June 10, 2011) (dismissing RESPA claim in part because plaintiff "identified a laundry list of requests for documents and information, most of which are completely unrelated to the servicing of the loan").

As for the requests related to the servicing of the note, the court finds that defendants adequately responded to the letter.[4] When responding to a valid QWR, a servicer must "provide the borrower with a written explanation or clarification that includes ... information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by

---

[4] The response was also timely, despite the Flemings' argument to the contrary. Servicers must acknowledge receipt of a QWR within five days, and must respond within thirty days. 12 U.S.C. §§ 2605(e)(1)(A), (2). Wells Fargo received the QWR on August 5, 2014. ECF No. 19-1, at 78. It acknowledged receipt the next day and responded on September 2, 2014. Id. at 36, 38.

the servicer." 12 U.S.C. § 2605(e)(2)(C). Here, Wells Fargo provided a lengthy response which included supporting documentation. The response addressed each of the Flemings' requests and noted that Wells Fargo could not comply in some instances because it could not reasonably understand what was being sought. ECF No. 19-1, at 38-91.

Finally, the complaint seeks actual damages under RESPA "if any be proven." Compl. at 8, 10. "[A] RESPA plaintiff must plead and prove, as an element of the claim, that he or she suffered some actual damage as a result of the alleged RESPA violation." Hintz v. JPMorgan Chase Bank, N.A., No. 10-2825, 2011 WL 579339, at *9 (D. Minn. Feb. 8, 2011) (citation and internal quotation marks omitted). The Flemings have not alleged any facts to show that defendants' alleged failure to comply with RESPA caused them harm. See Dietz, 2011 WL 2412738, at *5 (dismissing RESPA claim in part because the complaint failed to show that any damages were attributable to defendants' lack of response). As a result, the Flemings fail to sufficiently plead a claim under RESPA, and dismissal is warranted.[5]

---

[5] The complaint also alleges a violation of 12 U.S.C. § 2605(k)(1)(D), which requires a servicer to "respond within 10 business days to a request from a borrower to provide the identify, address, and other relevant contact information about the owner or assignee of the loan." See Compl. at 8, 10. The Flemings made such a request in their QWR. See ECF No. 19-1, at 32. This claim similarly fails because, as stated, the Flemings do not sufficiently plead damages. See Bever v. Cal-W. Reconveyance
(continued...)

9

**IV.   State Law Claims**

The Flemings next allege state law claims to vacate or set aside the foreclosure sale and for replevin.  These claims are premature, however, because the Flemings stalled the foreclosure proceedings by filing for bankruptcy.  See Minn. Public Utils. Comm'n v. F.C.C., 483 F.3d 570, 582 (8th Cir. 2007) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (citation and internal quotation marks omitted)).  Moreover, replevin is used to "recover possession of personal property" and does not pertain to real property.  Minn. Stat. § 565.21; Storms v. Schneider, 802 N.W.2d 824, 827 (Minn. Ct. App. 2011).  As a result, dismissal is warranted on the Flemings' state law claims.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 16] is granted.

**LET JUDGEMENT BE ENTERED ACCORDINGLY.**

Dated:   February 6, 2015

          s/David S. Doty
          David S. Doty, Judge
          United States District Court

---

[5](...continued)
Corp., No. 1:11-CV-1584, 2012 WL 2522563, at *4 (E.D. Cal. June 28, 2012) (stating that actual damages are a necessary element of a § 2605(k) claim).